## 19055

W. L. ABERNATHY, Jr., and South Carolina Tax Commission, Respondents, v. CHESTER COUNTY TAX BOARD OF APPEALS, Appellant.

(174 S. E. (2d) 771)

*Messrs. Herbert, Dial & Windham,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Respondent, South Carolina Tax*

*Commission,*

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Respondent, W. L. Abernathy, Jr.,*

May 25, 1970.

*Per Curiam:*

This is an appeal by the Chester County Tax Board of Appeals from an order of the circuit court affirming an order of the South Carolina Tax Commission favorable to a Chester County taxpayer. After careful consideration of the entire record in the light of the briefs and oral arguments of counsel, we are convinced that the circuit court soundly disposed of the issues raised. Let the order appealed from be published as the opinion of the court, omitting the last sentence of the complete paragraph on page 135 of the transcript and omitting the last three paragraphs of the order.

## ORDER OF JUDGE SPRUILL

This is an appeal from an Order of the South Carolina Tax Commission which was favorable to the taxpayer and adverse to the taxing authorities of Chester County. It is before the Court of Common Pleas on a writ of *certiorari* issued by the Honorable Frank Eppes as Presiding Judge of the Sixth Judicial Circuit. By reason of the disqualification of Judge Gregory, the matter was heard by the undersigned on August 5, 1969. Mr. J. Means McFadden appeared for the taxpayer. Mr. Joe L. Allen, Jr., Assistant Attorney General, appeared for the Tax Commission, and Mr. James M. Windham appeared for Chester County.

When Chester County entered upon a tax reassessment program, Act No. 480 of the Acts and Joint Resolutions of 1967 devolved the duties relative to the valuation, assessment and return of property upon the Board of Directors of Chester County and directed that it should employ a Tax Assessor. The same Act established a Tax Board of Appeals for Chester County consisting of five members and provided that all power and duties of the County Board of Equalization should be devolved upon this Tax Board of Appeals. The Act provided that the Tax Board of Appeals should meet at such times as it should be called into session by the

Tax Assessor. The Act further provided that all property owners should return their property at true value and that the Auditor should assess such property at 10% of the true value.

The 1967 Act was amended by Act No. 932 of the Acts and Joint Resolutions of 1968. This Act provided for an appeal from the Chester County Tax Board of Appeals to the South Carolina Tax Commission. The exact language of the 1968 Act is as follows:

"All appeals from the tax board of appeals shall be made to the South Carolina Tax Commission. Property owners, or their agents, the assessor, auditor, or any party to any matter decided by the tax board of appeals feeling aggrieved by the decision of the tax board of appeals may, within ten days after notice thereof, appeal therefrom to the Commission by filing with the Commission a written notice of appeal, setting forth the decision or order appealed from and specifying the grounds of such appeal and by delivering a copy of such notice of appeal to the chairman of the tax board of appeals within such ten-day period. Within thirty days after receipt by the chairman of the tax board of appeals of the copy of such notice or appeal, the tax board of appeals shall transmit to the Commission a certified copy of the testimony and proceedings at the hearing and of the decision or order appealed from. Thereupon, the Commission shall fix a time and place for the hearing of such appeal and shall give notice thereof to the appellant and to the tax board of appeals not less than ten days in advance of the day fixed for the hearing. The tax board of appeals shall attend every such hearing and the board may, if it so desires, be heard in support of its order or decision. Upon the hearing of such appeal, the Commission shall either increase, confirm or reduce the valuation and assessment complained of."

This appeal involves three separate cases as to the valuation of the property of Mr. W. L. Abernathy, Jr. The facts

and law are the same in each of these cases and there are a number of cases involving other taxpayers which are similar.

Mr. Abernathy returned three separate parcels of real estate which he owned in Chester County at specified valuations for the tax year 1968. Thereafter the Chester County Tax Assessor advised him that the valuations which he had placed upon his property were not approved and the Tax Assessor increased these valuations to what he stated to be true value. Within the specified time, Mr. Abernathy appealed from the Tax Assessor's valuation to the Tax Board of Appeals. His appeals and others were set for hearing at the Chester County Court House at 6:00 P. M. on October 1, 1968. At a public meeting Mr. Abernathy, as did other taxpayers, presented evidence to justify the value which he had placed upon his parcels of property, which valuations had been disapproved by the Tax Assessor. In addition to his own testimony, he presented appraisals by two professional appraisers and a letter from a State Forester as to the condition of the woods on one of the pieces of property. At this public hearing, the Tax Assessor and his assistants presented no evidence although counsel for Mr. Abernathy, in effect, invited them to do so.

At the conclusion of the public hearing, the Tax Board of Appeals withdrew to another room and held a closed session. In addition to the members of the Board, the Tax Assessor and his two assistants were present at this closed hearing. They thereupon presented sketches and evidence to justify the valuations which the Tax Assessor had placed upon Mr. Abernathy's three pieces of property. Two days later Mr. Abernathy was advised that his appeals had been denied and the Tax Assessor's valuations confirmed. Thereupon he gave notice of appeal to the South Carolina Tax Commission with a copy to the Tax Board of Appeals. His appeals were heard by the Tax Commission on March 18, 1969, and on March 31 following, the Tax Commission issued its Order sustaining Mr. Abernathy's appeals as to the valuation of his property.

On hearing the appeals the Tax Commission was of the opinion that it was confined to the record made at the open hearing. The writer believes that this is correct. As he reads the Statute, the Tax Commission had no authority to hear the matter *de novo* or even take any supplemental testimony. The statutory right of the Tax Board of Appeals "to be heard in support of its order or decision" was nothing more than the right to support its position by oral or written argument. It was not the right to supplement or complete the record. Consequently, the Tax Commission was limited to the testimony and proceeding at the hearing at which the landowner was present. It was at this hearing that the Tax Assessor should have presented the testimony which was later given at the closed hearing.

The writer is fully cognizant of the difficulties involved in the initiation and implementation of a tax reassessment program. However, he is of the opinion that the taxing authorities, although acting in good faith and with the highest of motives, failed to follow the procedure necessary in order to get their evidence before the Tax Commission on the consideration of Mr. Abernathy's appeals. Therefore, on hearing the appeals, the Tax Commission had only the testimony of the taxpayer and his witnesses. There being no evidence to sustain the valuations from which the appeals were taken, the Tax Commission had no alternative other than to accept the valuation of the taxpayer. The writer is of the opinion that it was correct in so doing and that the appeal of the County taxing authorities from so much of the Order of the Tax Commission as required this should be dismissed.